## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, Plaintiff Luis Antonio Saenz (referred to hereinafter as "Plaintiff"), and Madison Seating, LLC ("Madison Seating"), and Levi Cohen (collectively, "Defendants") desire to resolve, settle and agree to dismiss with prejudice all claims and all issues raised in or by (or which could have been raised in) the Complaint in the action captioned *Luis Antonio Saenz, on behalf of himself and all other persons similarly situated* v. Madison Seating, LLC, and Levi Cohen (E.D.N.Y. No. 18-cv-812) (the "Lawsuit"), without further litigation or adjudication;

**WHEREAS**, Plaintiff and Defendants, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, now desire to avoid further litigation and, by this Settlement Agreement and Release (hereinafter "Agreement"), intend to resolve all matters raised in the Lawsuit and any and all claims which Plaintiff asserted or could assert relating to his employment with Defendants, including wage-related claims arising under federal or state statutory or common law;

**WHEREAS**, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Lawsuit, or otherwise relating to the Lawsuit captioned above, and in any other proceeding commenced by, on behalf of or involving Plaintiff and in any other document or statement whatsoever;

**WHEREAS**, Plaintiff and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

**WHEREAS**, the Lawsuit between Plaintiff and Defendants, shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Final Dismissal with Prejudice to be executed by counsel for Plaintiff and Defendants, as set forth below:

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:**

1. **Definitions.**

    (a)     "Plaintiff" shall be defined as Luis Antonio Saenz.

    (b)     "Defendants" shall be defined to include Madison Seating, LLC ("Madison Seating"), and Levi Cohen, and all presently or formerly related persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, affiliates, investors, owners,

principals, divisions, employee benefit plans, purchasers of assets or stocks, board members, insurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity.

## 2. Plaintiff's Commitments.

In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees as follows:

(a) Plaintiff, by his counsel, will execute all documents, including, but not limited to, the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") annexed hereto as Exhibit "A," that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown complaints, suits, actions, charges, claims or proceedings by Plaintiff against Defendants relative to the Lawsuit existing or which could exist as of the date of the execution of this Agreement. Plaintiff warrants that he is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendants in any form or forum other than this Action, which Plaintiff has or will take any necessary action to dismiss with prejudice.

(b) An order of final dismissal with prejudice shall be entered upon presentation of said Stipulation by Defendants to any court of competent jurisdiction, administrative agency or other forum where any claim is made, or any relief or recovery is sought by, relating to or on behalf of Plaintiff or Defendants.

(c) Plaintiff and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the withdrawal and dismissal of the Lawsuit or agency or arbitral proceedings.

(d) Plaintiff and Defendants agree to execute any and all documents necessary to effectuate the terms of this Agreement.

## 3. Release by the Plaintiff.

(a) In consideration of the promises made by Defendants in this Agreement, Plaintiff releases and forever discharges Defendants from all allegations or claims relating to his employment with Defendants, which were raised in the Lawsuit or which could have been raised, including but not limited to those arising under the Fair Labor Standards Act and the New York Labor Law. Plaintiff agrees that he is waiving all claims that he could assert against Defendants relating to his employment with Defendants.

(b) Moreover, Plaintiff understands and agree that he may not reinstate the claims that he has brought in the Lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants except in an action instituted by either party alleging a breach

of this Agreement. Plaintiff further warrants and represents that Plaintiff's counsel has advised him regarding the release in this Section.

(c) In addition, in the event any class or collective action brought against Defendants includes or may include Plaintiff, the Release given by Plaintiff herein shall operate as Plaintiff's waiver of all rights to be a class or collective member or to recover any damages.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff, including the release of all claims relating to the Lawsuit that Plaintiff has or may have against Defendants, Defendants agree to pay to Plaintiff the gross sum of **Sixty Thousand Dollars and Zero Cents ($60,000.00)**.
  i. Thus, the entirety of the Cash Payment in consideration for and in full satisfaction of all wage and hour claims Plaintiff may have against Defendants through the effective date of this Agreement shall be **Thirty-Nine Thousand Six Hundred Thirty-Three Dollars and Thirty-Three Cents ($39,633.33)**, payable on an IRS Form 1099.
  ii. Plaintiff's Counsel shall receive, in compensation for attorneys' fees and costs, **Twenty Thousand Three Hundred Sixty-Six Dollars and Sixty-Seven Cents ($20,366.67)**, also payable on an IRS Form 1099, which represents one third of the total settlement amount, plus costs for filing the lawsuit and service of process, pursuant to the retainer agreement between Plaintiff and his Counsel.

(b) The Cash Payment of the Total Settlement shall be payable in six installments, as set forth in the chart below:

|         | Installment | Plaintiff   | Attorneys   |
| ------- | ----------- | ----------- | ----------- |
| Month 1 | $10,000.00  | $6,147.22   | $3,852.78   |
| Month 2 | $10,000.00  | $6,697.22   | $3,302.78   |
| Month 3 | $10,000.00  | $6,697.22   | $3,302.78   |
| Month 4 | $10,000.00  | $6,697.22   | $3,302.78   |
| Month 5 | $10,000.00  | $6,697.22   | $3,302.78   |
| Month 6 | $10,000.00  | $6,697.22   | $3,302.78   |
|         | $60,000.00  | $39,633.33  | $20,366.67  |

(c) Defendants shall pay the first settlement installment within thirty (30) days of the Effective Date of this Agreement, and each subsequent installment shall be paid within thirty (30) days of the preceding installment.

(d) The "Effective Date" refers to the date this Agreement is effective, which shall occur upon entry of an order by the Court dismissing the lawsuit with prejudice.

5. **Breach**

In the event of a breach of this Agreement by Defendants for Plaintiff's failure to receive the payments set forth in Paragraph 4, Plaintiff, by his attorney, shall send written notice of such breach by e-mail to Defendants' counsel, Goldberg Weg & Markus PLLC, attention to: Steven Frankel, Esq., at sfrankel@grlawpllc.com. Upon notice of such breach, Defendants shall have five (5) business days to cure such breach.

### 6. Payroll Taxes and Withholdings

(a) The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties. Plaintiff understands and agrees no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement.

(b) Plaintiff agrees to indemnify Defendants and to hold Defendants harmless for his share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to Plaintiff pursuant to this Agreement.

### 7. No Other Entitlement.

Plaintiff affirms that he has been paid and has received all compensation, wages, bonuses, commissions, benefits and other monies to which he was entitled under the Fair Labor Standards Act and New York Labor Law and that no other compensation, wages, bonuses, commissions, benefits or other monies are due, except as set forth in Paragraph 4 of this Agreement.

### 8. Non-Admission of Wrongdoing.

Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Plaintiff that his claim lacks merit.

### 9. Non-Disparagement.

The Parties agree that neither Party shall communicate or publish, directly or indirectly, any disparaging comments or information about the other Party.

### 10. Confidentiality.

To the extent permitted by law, all parties hereto and their respective counsel agree not to publicize this Agreement or its terms, whether directly or indirectly.

### 11. Severability and Modification.

(a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the Parties agree that said court, administrative agency or

other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification.

(b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

**12.   Resolution of Disputes.**

Any controversy or claims relating to this Agreement, as well as any other claim, dispute or issue between the parties, shall be resolved in a proceeding held in and before the United States District Court for the Eastern District of New York or the Supreme Court of the State of New York.

**13.   Section Headings.**

Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

**14.   Entire Agreement.**

(a) This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses) represents the complete understanding between Plaintiff and Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiff may have against Defendants.

(b) No other promises or agreements shall be binding or shall modify this Agreement.

(c) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

(d) The Parties agree that this Agreement is deemed to have been drafted jointly by both Parties.

**15.   Competence to Waive Claims.**

Plaintiff confirms that he is competent to affect a knowing and voluntary release of claims under the Fair Labor Standards Act and New York Labor Law, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired such that he lacks a clear and complete understanding of

this Agreement. Plaintiff confirms he is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to said Plaintiff. Plaintiff confirms that he is not Medicare eligible.

16. **Remedies for Breach.**

In the event that a court of competent jurisdiction determines that any of the Parties breach, violate, fail or refuse to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement (the "Breach"), the non-breaching party or parties are entitled to recover damages against the breaching party or parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching party or parties as a consequence of the Breach.

17. **Counterparts.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same Agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

18. **Execution.**

The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by Plaintiff's counsel, Michael Samuel, Esq. in English and with Spanish translation. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that Plaintiff possibly could have against Defendants relating to his employment by Defendants until this point in time and is fully satisfied with the advice and counsel provided by Michael Samuel, Esq.

> PLAINTIFF LUIS ANTONIO SAENZ HAS BEEN ADVISED THAT HE HAS A REASONABLE TIME TO CONSIDER THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND THAT HE HAS DONE SO AND THAT HE IS SATISFIED WITH THE ADVICE AND REPRESENTATION OF HIS ATTORNEY, MICHAEL SAMUEL, ESQ.

[Signatures on the following page]

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: September __17__, 2018

| *Plaintiff:* | *Defendants:* |
|---|---|
| _____ | _____ |
| LUIS ANTONIO SAENZ | For MADISON SEATING, LLC. |
| | _____ |
| | LEVI COHEN |

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luis Antonio Saenz, *on behalf of himself and all other persons similarly situated,*<br><br>Plaintiff,<br><br>- vs. —<br><br>Madison Seating, LLC., *and* Levi Cohen,<br><br>Defendants. | DOCKET NO. 18-cv-812-RRM-RER<br>**STIPULATION OF DISCONTINUANCE** |

IT IS HEREBY STIPULATED AND ORDERED that the above-captioned action be and is hereby dismissed in its entirety as against all Defendants, with prejudice, and with no award of attorneys' fees or costs by the Court to any party.

Dated: _____, 2018

SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, NY 100001

By: _____
   Michael Samuel, Esq.
   T: 212-563-9884
   F: 212-563-9870
   michael@samuelandstein.com

GOLDBERG WEG & MARKUS PLLC
122 West 27th Street, 11th Floor
New York, NY 10001

By: _____
   Steven Frankel, Esq.
   T: 212-697-3250, ext. 349
   F: 212-227-4533
   sfrankel@grlawpllc.com

SO-ORDERED:

_____
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge